UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STEFAN MEIER
        Plaintiff,

CIVIL ACTION NO. 15-11522-LTS

v.

GERMAN COMMITTERS,
        Defendants.

## MEMORANDUM AND ORDER FOR DISMISSAL

SOROKIN, U.S. D.J.

On March 31, 2015, this Court received a letter addressed to the "District Court of Justice" signed by Stefan Meier ("Meier"), of Munich Germany. The letter is dated September 14, 2012 and is rambling and virtually unintelligible. It is unknown why or how this Court received this letter over two years from the 2012 date listed on the letter.

From what can be discerned, Meier seeks to file a criminal complaint against German "committers." He also seeks an Order for the immediate release of Lieutenant Colonel (retired) Rainer Bredl (military physician). Additionally, he requests to have a German court decision (unspecified) overturned. It is unclear whether he is asserting any claims on his own behalf. It is also unclear whether he is referring to a civil commitment based on mental illness.

Specifically, his letter states, in relevant part:

on the 13., night, of the month September of the year 2012 a officer highest decorated, Lieutenant Colonel (retired) and military physician and more Mr. Rainer Bredl at the present time: Germany of the United States Army. United States of America he is among others this was deliberately according a [sic] **illegal** court decision of the bavarian german justice, all Germany in bavaria east, Germany of the bavarian german police beaten in his flat in Germany and illegal and fully against his free will he is since over more years **through a decision free of all punishment worldwide also in Germany also imprisoning lifelong enduring** brought to the facility of the german state 94469 Mainkofen, bavaria,

> Germany and imprisoned there, Germany although the german justice, all Germany and the village administration 93471 Arnbruck, bavaria, Germany and the administrative district office 94209 Regen, Germany now this is all very good and it is said that he is very dangerous and very bad mental ill **what he is not** he has said what he is and that he is free of all punishment worldwide also in Germany also imprisoning and that he has a very bad tumor near his frontal sinus but this helped nothing please make him immediately free and make that he stay free enduring he will be murdered there some years ago he was also brought there and his penis was deliberately cut off there because this man is this in the U.S.A. like above written later he got a new penis transplanted **and** cancel and erase all illegal court decisions of the bavarian german justice also in bavaraia 94234 Viechtach and 94469 Deggendorf, all Germany and german justice, all Germany since the 2. of the month September of the year 2012 and longer. Important! Please act very, very, very, very, very fast. **Emergency!!!.**

Letter at 1-2 (bold in original).

Meier does not provide a mailing address or other contact information, and the envelope addressed to this Court has no return address listed.

## DISCUSSION

There are a whole host of legal impediments regarding Meier's letter that make it impossible for this Court to take any action. Without detailing every legal deficiency, this Court notes, first and foremost, that Meier fails to set forth any information from which this Court could find subject matter jurisdiction over this case. Notably, there is no jurisdiction to review Court decisions made by another country. See generally Taveras v. Taveraz, 477 F.3d 767, 782 (6th Cir. 2007) ("[N]o court has held or suggested that the mere existence of a foreign judgment, much less an order, supplies a federal court with subject matter jurisdiction.").

Further, there is no jurisdiction to preside over a criminal complaint against German "committers." This is because federal courts do not have jurisdiction over criminal cases unless they are prosecuted by the United States Attorney. See e.g., United States v. Panza, 381 F. Supp. 1133, 1138 (W.D. Pa. 1974) ("[T]here is a long line of cases holding that federal courts have no

2

jurisdiction over cases prosecuted in the name of the United States unless they are prosecuted by the United States Attorney."); Pugach v. Klein, 193 F. Supp. 630, 633-635 (S.D.N.Y. 1961) (power to enforce criminal law vested in executive branch by Constitution; no residual power in private citizens to enforce law when United States Attorney does not prosecute). Thus, Meier does not have standing to bring a criminal action because no statute authorizes him to do so. Kennan v. McGrath, 328 F.2d 610, 611 (1st Cir. 1964) (*per curiam*); accord Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (*per curiam*); Stone v. Warfield, 184 F.R.D. 553, 555 (D. Md. 1999) (stating that individual citizens have no private right of action to institute federal criminal prosecutions); cf. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another).

Next, to the extent that Meier is seeking to assert non-criminal claims belonging to Rainer Bredl (*e.g.*, for release), he is not authorized to bring such claims in this Court because he is not a duly-licensed attorney admitted to practice in this Court. As a general rule (with exceptions that do not apply in this case), a plaintiff who is not an attorney may only represent himself, not any other party. See Feliciano v. DuBois, 846 F. Supp. 1033, 1039 (D. Mass. 1994) (stating that "an individual who is not an attorney admitted to practice in this court cannot be allowed to represent any other person, any class, or other legal entity."); L.R. 83.5.3© ("A person who is not a member of the bar of this court. . . . will be allowed to appear and practice before the court only in his own behalf.").[1]

---

[1] Moreover, any non-criminal claims are not set forth in accordance with Rules 8 and 10 of the Federal Rules of Civil Procedure and do not state a plausible claim upon which relief may be granted. Further, there is nothing in the Letter from which this Court could find that venue is proper or that personal jurisdiction exists over the German committers or Rainer Brendl. Finally, there is a $400.00 filing fee that must be paid with a civil action, unless the plaintiff provides proof of indigency by filing an Application Without Prepayment of Fees and Costs (*i.e.,* an *in*

In light of the above, this action will be DISMISSED *sua sponte* without prejudice. In view of the fact that this Court lacks any contact information for Meier, this Memorandum and Order shall be docketed and the case closed notwithstanding the lack of notice to him.[2]

## CONCLUSION

Based on all of the foregoing, it is hereby Ordered the above-captioned matter is DISMISSED *sua sponte* in its entirety.

SO ORDERED.

/s/ Leo T. Sorokin
LEO T. SOROKIN
UNITED STATES DISTRICT JUDGE

DATED: April 10, 2015

---

*forma pauperis* motion).

[2]This Court's Local Rules require a litigant to advise the Court of a mailing address in order to receive notice of rulings. See United States District Court for the District of Massachusetts Local Rule 83.5.2(e). Local Rule 83.5.2(e) provides: "Change of Address. Each attorney appearing and each party appearing pro se is under a continuing duty to notify the clerk of any change of address and telephone number. Notice under this rule shall be filed in every case. Any attorney or party appearing pro se who has not filed an appearance or provided the clerk with his current address in accordance with this rule shall not be entitled to notice. Notice mailed to an attorney's or party's last address of record shall constitute due notice contestable only upon proof of a failure to mail delivery." Id.